**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
 dalekgalipo@yahoo.com
Shannon J. Leap (SBN 339574)
 sleap@galipolaw.com
Benjamin S. Levine (SBN 342060)
 blevine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

*Attorneys for Plaintiff*

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
Eugene P. Ramirez (State Bar No. 134865)
 eugene.ramirez@manningkass.com
Marisa Zarate (State Bar No. 140286)
 marisa.zarate@manningkass.com
Andrea K. Kornblau (State Bar No. 291613)
 andrea.kornblau@manningkass.com
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL GAVIA,<br><br>                      Plaintiff,<br><br>    vs.<br><br>CITY OF HEMET; COLBY SKAUG; BRANDON SALAZAR; DYLAN DETWILER; BRY MACARTHUR; and DOES 1 through 10, inclusive,<br><br>                      Defendants. | **Case No. 5:23-cv-00724-MRA-SHK**<br>*District Judge Mónica Ramírez Almadani*<br>*Magistrate Judge Shashi H. Kewalramani*<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

1
JOINT CASE MANAGEMENT STATEMENT

Pursuant to this Court's March 1, 2024 Reassignment Order (Dkt. 29), the parties submit the following Joint Case Management Statement, by and through their respective counsel of record:

a. **CASE FILING DATE:** This case was filed on April 24, 2023. (Dkt. 1.)

b. **PARTIES:**

Plaintiff:   ABEL GAVIA, an individual,

Defendants: CITY OF HEMET; COLBY SKAUG; BRANDON SALAZAR; DYLAN DETWILER; BRY MACARTHUR; and DOES 1 through 10, inclusive.

c. **CLAIMS:** Plaintiff brings the following claims for relief against Defendants:

1. Fourth Amendment – Unlawful Detention and Arrest (42 U.S.C. § 1983);
2. Fourth Amendment – Excessive Force (42 U.S.C. § 1983);
3. Fourth Amendment – Denial of Medical Care (42 U.S.C. § 1983);
4. Municipal Liability for Unconstitutional Custom, Practice or Policy (42 U.S.C. § 1983); and
5. Municipal Liability for Failure to Train (42 U.S.C. § 1983).

d. **FACTS:**

*Plaintiff's Version of the Facts:*

On the evening of April 26, 2021, Plaintiff Abel Gavia ("Mr. Gavia") was driving from Wal-Mart in the City of Hemet, California and was on his way to a nearby restaurant for dinner when he began to feel unwell and pulled his car to the side of the road near 110 E. Menlo Avenue in Hemet, California. Unbeknownst to Mr. Gavia, Defendant Skaug followed Mr. Gavia's car, based on Skaug's alleged belief that Mr. Gavia was driving erratically. When Mr. Gavia pulled to the side of

the road on E. Menlo Avenue, Defendant Skaug stopped his patrol car behind Mr. Gavia's and radioed for additional officer support.

Defendants Salazar, Detwiler, MacArthur and other officers whose identities remain unknown to Plaintiff at this time began to arrive at the location. After the officers approached Mr. Gavia's vehicle, Defendant Skaug asked Mr. Gavia to exit his vehicle, and Mr. Gavia complied, slowly lowering himself down from the pickup truck he drove. While Mr. Gavia exited his vehicle, Defendants Skaug and MacArthur ordered Mr. Gavia to turn around and face his vehicle. As Mr. Gavia complied, Defendants Skaug and MacArthur grabbed Mr. Gavia and began repeatedly striking him in the face and on the side of his head, causing Mr. Gavia to fall to his knees and on the ground, face-down. While Mr. Gavia was on the ground, Defendants Skaug, MacArthur, Salazar, Detwiler, and Does 1-7 pulled Mr. Gavia's hands behind his back to handcuff him, while also pinning Mr. Gavia to the ground with their collective bodyweight, causing him to scrape his face and abdomen on the pavement.

In the process of arresting and handcuffing Mr. Gavia without probable cause, Defendant Skaug also punched Mr. Gavia several times in the arm and/or torso, Defendant MacArthur punched Mr. Gavia several times in the face and torso and kicked Mr. Gavia in the shoulder, and Defendant Salazar struck Mr. Gavia in the torso several times using his knee. Throughout this use of physical force from each of these Defendants, Mr. Gavia cried out loudly in pain.

At all relevant times, Defendants did not have probable cause to arrest or reasonable suspicion to detain Mr. Gavia. At all relevant times, Mr. Gavia did not pose any threat (verbal or physical) to anyone, including Defendants. Furthermore, Defendants issued no warning that they would use such physical force against Mr. Gavia, prior to their use of that force. As a result of the

excessive and unreasonable force used against Mr. Gavia, Mr. Gavia has endured severe injury, pain, and suffering.

<u>Defendants' Version of the Facts:</u>

On April 26, 2021, at 10:25 p.m. Officer Skaug was on routine patrol in a marked black and white Hemet Police Department vehicle in the area of Menlo Avenue. He was wearing his Hemet Police Department class "C" uniform.

Officer Skaug observed a silver Dodge Ram 1500 that was traveling at a low rate of speed, swerving, and almost colliding with parked vehicles. Officer Skaug, concerned that it was a driver under the influence, initiated a traffic enforcement stop at the intersection of Menlo Avenue and San Jacinto by activating his forward facing red emergency lights. However, the driver did not yield and continued committing more dangerous moving violations.

While the driver was traveling south bound on San Jacinto Street, Officer Skaug activated the audible sirens. Gavia quickly changed from the number two lane to the number one lane without signaling and continued to proceed at a slow speed driving south bound. At the intersection of San Jacinto Street and Oakland Avenue, Gavia turned westbound on Oakland Avenue against a solid red traffic light. He, then, continued west bound on Oakland Avenue and failed to stop at the stop sign posted at the intersection of Santa Fe Street. Gavia eventually yielded to the right side of the roadway in the area of 800 E. Oakland Avenue.

Officer Skaug approached the driver's side window and asked Gavia several times to roll his window down. Gavia refused. After asking several more times, Gavia finally rolled his window down. Officer Skaug observed Gavia had red, watery, bloodshot eyes and was slurring his speech.

Once an assisting officer arrived, Officer Skaug asked Gavia to open his door and exit the vehicle. Officer Skaug intended to conduct Field Sobriety tests. However, Gavia refused to open the door and, instead, yelled, "fuck you, open it

1 yourself."

2   Officer MacArthur was able to reach inside the window to unlock and open
3 the door. Officer Skaug told Gavia to get out of the vehicle. Gavia refused.

4   Officer Skaug took Gavia's left wrist to guide him out of the vehicle but
5 Gavia pulled his hand away and said, "don't fucking touch me." Due to Gavia's
6 argumentative and combative behavior, Officer Skaug decided he was going to
7 place him in handcuffs.

8   As Officer Skaug was attempting to gain control of Gavia's right wrist and
9 pull his right arm behind him, Gavia pulled away from his grip a second time.
10 Gavia clenched his hand into a fist and swung and struck Officer Skaug. The
11 momentum from the strike caused Officer Skaug to lose his balance and fall
12 backwards.

13   Immediately after being struck by Gavia, Officer Skaug and Officer
14 MacArthur attempted to gain control of Gavia, but he continued to resist. Officer
15 Skaug used his fist to strike Gavia on the right side of his body in an attempt to get
16 him on the ground. The strikes were successful and Gavia was placed on the
17 ground. Gavia was then instructed to place his hands behind his back.

18   Instead, Gavia pulled his hands into his waistband area. Based on training
19 and experience, Officer Skaug and Officer MacArthur believed Gavia was trying
20 to obtain a concealed weapon from his waistband. Accordingly, Officer Skaug
21 struck Gavia on the left side of his body. Officer Skaug was able to grab Gavia's
22 left hand and, with assistance from other officers, was able to handcuff Gavia.

23   Officer Skaug and assisting officers put Gavia in a recovery position while
24 they waited for an ambulance. Officer Skaug walked toward Gavia's car and
25 noticed a black folding knife where Gavia had been laying. Officer MacArthur
26 saw the folding knife as well.

27   Defendants deny all liability and wrongdoing for any and all of plaintiff's

28

claims.

e. **RELIEF SOUGHT AND DAMAGES CLAIMED:**

Through each of his claims, Plaintiff seeks compensatory, general, non-economic, and special damages against all defendants based on the alleged violations of his constitutional rights, including his unlawful detention and arrest, the excessive force used against him, and the denial of medical care to him by the individual defendants. Plaintiff also seeks these categories of damages as against Defendant City of Hemet under two theories of municipal liability. Plaintiff also seeks punitive damages as against Defendants Colby Skaug, Brandon Salazar, and Dylan Detwiler.

Damages will be calculated based on the extent of Plaintiff's physical injuries suffered as a result of the incident giving rise to this suit, including the exacerbation of those injuries caused by the alleged failure to provide medical care, and including any associated medical expenses, and for the violations of Plaintiff's constitutional rights. Damages sought by Plaintiff include damages for pain and suffering, emotional distress from his physical injuries, humiliation, disfigurement, and reduced earning capacity. Pursuant to 42 U.S.C. § 1988, Plaintiff also seeks attorney's fees and costs for each of his claims.

f. **STATUS OF DISCOVERY:**

Thus far, the parties have exchanged initial disclosures as well as additional written discovery; Plaintiff has propounded one set of requests, and Defendants have propounded two sets of requests. Plaintiff has noticed the depositions of the individual defendants, but the parties subsequently agreed to defer all depositions until after a mediation the parties have scheduled for April 12, 2024, via the Court's ADR program. The parties do not have any discovery management issues to bring to the Court's attention at this time.

The current discovery deadlines are as follows: Percipient/Fact Discovery Cutoff on October 21, 2024; Expert Discovery Cutoff on November 11, 2024. (Dkt. 20.)

**g.    PROCEDURAL HISTORY:**

Plaintiff's Complaint was filed on April 24, 2023. (Dkt. 1.) Following service of the Summons and Complaint on Defendants, all Defendants answered the Complaint on June 9, 2023. (Dkt. 13, 14.) On June 12, 2023, the Court issued an Order Setting Scheduling Conference for August 14, 2023. (Dkt. 16.) Following the parties' filing of a Rule 26 Joint Status Report on August 7, 2023 (Dkt. 19), on August 8, 2023, the Court issued a Scheduling and Case Management Order and vacated the Scheduling Conference. (Dkt. 20.) On September 28, 2023, the Court issued a Stipulated Protective Order. (Dkt. 25.)

On October 11, 2023, after Plaintiff's counsel was notified that Defendant Bry MacArthur had passed away during the pendency of this action, the parties filed a stipulation under which (1) Defendant City of Hemet agreed to indemnify Defendant MacArthur for any compensatory damages awarded as against him, such that Bry MacArthur's estate would not be required to be added as a party to this action; and (2) Plaintiff agreed to dismiss his request for punitive damages as against Defendant MacArthur only. (Dkt. 26.) On October 12, 2023, the Court entered an Order confirming that stipulation. (Dkt. 27.)

On March 1, 2024, the Court issued an Order reassigning this case. (Dkt. 28.) The same day, the Court issued a Reassignment Order directing the parties to file the instant Joint Case Management Statement. (Dkt. 29.)

The case is currently set for mediation with Richard T. Copeland, who was assigned as Panel Mediator through the Court's ADR Program pursuant to stipulation of the parties (Dkt. 23), on April 12, 2024. No motions have yet been submitted or decided, and there have been no appellate proceedings.

**g.     OTHER DEADLINES:**

The other remaining dates and deadlines assigned in this case before reassignment are as follows: Deadline to Conduct Settlement Conference on December 2, 2024; Deadline for Hearing Motions on December 9, 2024; Deadline to File Pretrial Documents on January 21, 2025; Deadline to File Motions *in Limine* on January 27, 2025; Final Pretrial Conference on January 27, 2025, at 1:30 p.m.; Deadline to File Oppositions to Motions *in Limine* on February 3, 2025; Hearing on Motions *in Limine* on February 10, 2025, at 1:30 p.m.; Deadline to File Final Trial Exhibit Stipulation on February 13, 2025; Jury Trial on February 18, 2025, at 9:00 a.m. (Dkt. 20.)

**h.     CONSENT TO A MAGISTRATE JUDGE FOR TRIAL:**

The parties do not consent to a Magistrate Judge trying this case.

**i.     STATEMENTS REGARDING CONSENT TO MAGISTRATE JUDGE:**

Plaintiff's counsel has discussed the magistrate judge consent program with Plaintiff and has met and conferred with defense counsel to discuss the consent program and selection of a magistrate judge.

Defendants' counsel has discussed the magistrate judge consent program with defendants and has met and conferred with plaintiff's counsel to discuss the consent program and selection of a magistrate judge.

**k.     NEED FOR CASE MANAGEMENT CONFERENCE:** There is no immediate need for a case management conference to be scheduled in this action.

/ / /

/ / /

| | | |
|---|---|---|
| 1 | Dated:  March 15, 2024 | **LAW OFFICES OF DALE K. GALIPO** |
| 2 | | |
| 3 | | By:  /s/ Benjamin S. Levine |
| 4 | | Dale K. Galipo, Esq.<br>Shannon J. Leap, Esq.<br>Benjamin S. Levine, Esq.[1] |
| 5 | | *Attorneys for Plaintiff*<br>ABEL GAVIA |
| 6 | | |
| 7 | Dated:  March 15, 2024 | **MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP** |
| 8 | | |
| 9 | | |
| 10 | | By:  /s/ Andrea K. Kornblau |
| 11 | | Eugene P. Ramirez, Esq.<br>Marisa Zarate, Esq.<br>Andrea K. Kornblau, Esq. |
| 12 | | *Attorneys for Defendants,* |
| 13 | | CITY OF HEMET, COLBY SKAUG, BRANDON SALAZAR, DYLAN DETWILER, BRY MACARTHUR |

---

[1] Per Local Rule 5-4.3.4, as the filer of this document, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.